Kenneth P. Dobson
Dobson Law Office, LLC
OSB No. 002435
324 S. Abernethy Street
Portland, OR 97239
(971) 717-6582
kdobson@pdxlandlaw.com

*Counsel for Plaintiff and the proposed class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **BRANDON BINETTI**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **COLORADO TECHNICAL UNIVERSITY, INC.,** <br><br> *Defendant.* | Civ. No.: <br><br> CLASS ACTION COMPLAINT <br><br> (47 U.S.C. § 227) <br><br> DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. This action arises out of Defendant, Colorado Technical University, Inc.'s ("CTU" or "Defendant") relentless marketing practices that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. CTU is a for-profit university that makes, or has made on its behalf, telemarketing calls soliciting its services.

3. These calls are made to individuals on the National Do-Not-Call Registry.

4. The TCPA prohibits making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-Call Registry.

5. Accordingly, Mr. Binetti brings this action on behalf of himself and a class of similarly situated individuals.

1

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in/from this District.

8. For example, Defendant targets residents of this District with its telemarketing campaign and knows that it is calling into this District.  Mr. Binetti's cellular telephone number includes a (503) area code, which is associated with the Northwestern region of Oregon.

9. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed at, and/or emanated from this District.

## PARTIES

10. Plaintiff Brandon Binetti ("Mr. Binetti") is, and at all times mentioned herein was, a citizen and resident of Keizer, Oregon.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. CTU is, and at all times mentioned herein was, a Colorado corporation.

13. CTU has offices located at 1575 Garden of the Gods Rd., Ste. 100, Colorado Springs, CO 80907.

14. CTU is registered to do business in the state of Oregon.

15. CTU may be served via its registered agent Corporation Service Company located at 1127 Broadway Street NE, Suite 310, Salem, OR 97301.

16. CTU is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

17. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

18. Relevant here, the TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

19. These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).

20. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

21. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

22. Though some of the requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 CFR. § 64.1200(e).

23. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate

responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

24. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

25. Mr. Binetti is the sole and customary user of a cellular telephone number (503)-XXX-8281.

26. His cellular telephone number includes an area code for Oregon.

27. Mr. Binetti's cellular telephone number (503)-XXX-8281 is used for residential purposes and is not associated with a business.

28. Mr. Binetti's cellular telephone number (503)-XXX-8281 is primarily used for personal, family and household use.

29. Ms. Binetti's cellular telephone number (503)-XXX-8281 is Mr. Binetti's only personal telephone number.

30. Mr. Binetti's cellular telephone number (503)-XXX-8281 has been on the National Do-Not-Call Registry since February 8, 2007.

31. In or around November, 2024, Mr. Binetti began receiving telephone calls from

CTU soliciting its services.

32.     These calls came from changing ten-digit numbers, including but not limited to: (503) 487-8554, (503) 487-8595, (503) 487-8550, (503) 487-8547.

33.     When Mr. Binetti would receive these calls, his caller ID would display "COLORADO TECH."

34.     When Mr. Binetti answered the phone, the callers advised that they were calling from CTU and would attempt to solicit Mr. Binetti to attend CTU.

35.     Mr. Binetti advised the callers that he was not interested and requested that they stop calling him.

36.     Despite his requests not to be called, Mr. Binetti received calls from CTU on at least the following dates and times:

- March 21, 2025 from (503) 487-8595;
- March 24, 2025 from (503) 487-8595;
- April 1, 2025 from (503) 487-8595 (3 times);
- April 3, 2025 from (503) 487-8547 (3 times);
- April 4, 2025 from (503) 487-8595 (2 times);
- April 7, 2025 from (503) 487-8595 (2 times);
- April 9, 2025 from (503) 487-8550 (3 times);
- April 14, 2025 from (503) 487-8544 (3 times);
- April 16, 2025 from (503) 487-8595 (3 times);
- April 22, 2025 from (503) 487-8554 (3 times);
- April 28, 2025 from (503) 487-8595 (3 times);
- April 29, 2025 from (503) 487-8540 (3 times);

- May 5, 2025 from (503) 487-8595;
- May 6, 2025 from (503) 487-8540 (3 times);

37. Mr. Binetti did not provide prior express invitation or permission or consent for these telephone calls.

38. To the contrary, in response to the unwanted calls, Mr. Binetti repeatedly requested that they stop.

39. Numerous consumers also have taken to the internet[1] to complain about CTU's calling practices:

> **Initial Complaint**
> Date: 02/21/2025
>
> I never gave my information to this business and yet they call me repeatedly from different phone numbers several times a week, even after blocking the numbers they will use new ones so that I cannot stop them from calling. They have called from ************ six times from January 24 to today February 21. They have called from ************ four times starting on February 5. They have called from ************ starting on January 20. They have called from ************ 12 times starting on January 17. They have called from ************ starting on February 1st. They have called from ************ starting January 29. They have called from ************ two times on January 31. They have called from ************ two times on January 27th. They called from ************ two times on January 26th. They called from ************ two times starting on January 13.

> **Initial Complaint**
> Date: 01/15/2025
>
> These creeps don't understand consent. STOP CALLING ME!!!!! I TOLD YOU I WOUOD CALL THE ******** you call all day from random numbers and don't care if you're blocked!!!!

---

[1] *See* https://www.bbb.org/us/co/colorado-springs/profile/college-and-university/colorado-technical-university-0785-59802003/complaints (last accessed June 3, 2025).

> **Initial Complaint**
>
> Date: 09/11/2024
>
> I am writing to formally complain about unsolicited spam messages I have been receiving, which are linked to ********** on behalf of Colorado Technical University (CTU). Despite being on the Do Not Call list, I have received multiple messages without having any customer or prospect relationship with ****************************** of my complaint are as follows:Date(s) of Spam Messages: 2024-08-13 and 2024-08-18 Nature of Dispute: Receipt of unsolicited spam messages in violation of Do Not Call list regulations Attempts at Resolution: Contacted ****** ********** at ************************************** with no response received Advertising Details: Spam messages contained links (********************* on 2024-08-13 & ********************* on 2024-08-18) presumably for marketing purposes I request immediate action be taken to investigate these spam messages. Additionally, I require confirmation from CTU that my consumer data has been removed from their systems. Failure to respond will leave me no choice but to consider further steps.Please ensure CTUs ability to send SMS messages to my phone is suspended immediately as continued contact will be regarded as intentional harassment.Thank you for your prompt attention in resolving this matter. Please note that due to privacy concerns, The unique marketing link codes should suffice for tracking interactions with my telephone numbers on the Do Not Call list.Regards,**** ******* ***** *********************************************

> **Initial Complaint**
>
> Date: 07/17/2024
>
> Colorado Technical University has called me over 152 times in the past ******************************************************* multiple times with no avail. Everytime I block their number they call back under a different number. I have no association with them in any way. They call at least 8 times a day. The last time they called the guy on the other end stated he would continue to call me until I agreed to sign up for courses an meet with an advisor. It's disturbing how far they have gone to ignore my consent.

> **Initial Complaint**
>
> Date: 07/07/2024
>
> non stop harassing phone calls 7 days a week. after going online to look at school courses because I am thinking about going back to school they have now made it to where I absolutely will not attend CTU. the calls have become worse than a bill collectors calls. Everytime I block one number they call from a different one. I currently have over 10 numbers of theirs blocked. I have repeatedly asked them to stop and they just do not listen.

40. Defendants' violations were negligent.

41. Alternatively, Defendants' violations were willful and knowing. For example, upon information and belief CTU received complaints about its illegal telemarketing practices via the Better Business Bureau and other sources and knowingly allowed its telemarketing practices that violate the TCPA to continue.

42. Mr. Binetti and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, CTU's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls. CTU's telephone calls were annoying and a nuisance, and wasted the time of Mr. Binetti and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## **DEFENDANT'S LIABILITY**

43. CTU used automated systems to make outbound telephonic calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

44. Because CTU's calls constitute telemarketing, CTU was required to obtain prior express written consent from the persons to whom CTU made calls.

45. "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8)

46. Mr. Binetti never provided CTU with any consent, written or otherwise.

47. CTU made two or more telephone solicitations to Mr. Binetti, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

48. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Binetti is entitled to $500 per call through 47 U.S.C. § 227(c).

49. Mr. Binetti is entitled to $1,500 per call if CTU's actions are found to be knowing or willful.

50. CTU is directly liable for the calls it placed.

51. To the extent CTU used a third party to place the calls on its behalf, CTU is liable for each of the calls under one or more of the following theories of liability: (1) Actual Authority, (2) Apparent Authority, (3) Ratification.

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the proposed "Class" as defined as follows:

> Plaintiff and all persons within the United States to whose telephone number CTU placed, or had placed on its behalf, two or more telemarketing calls that marketed the services of CTU in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint.

53. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

54. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

55. The exact number and identities of the persons who fit within the Class are ascertainable in that CTU and third parties maintain written and electronically stored data showing:

- The time period(s) during which CTU or its vendor made the telephone calls;
- The telephone numbers to which CTU or its vendor made telephone calls;
- The telephone numbers for which CTU had prior express written consent;

- The purposes of such telephone calls; and
- The names and addresses of Class members.

56. The Class is comprised of hundreds, if not thousands, of individuals.

57. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

- Whether CTU makes, or had made on its behalf, telemarketing calls;
- Whether CTU obtains prior express written consent;
- Whether CTU makes solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;
- Whether CTU's statutory violations were willful and knowing; and
- Whether CTU should be enjoined from engaging in such conduct in the future.

58. Plaintiff is a member of the Class in that CTU placed, or had placed on its behalf, two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, while his telephone number was on the National Do-Not-Call Registry.

59. Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from CTU's uniform conduct and are based on the same legal theories as these claims.

60. Plaintiff and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to CTU's unwanted calls and suffered a nuisance and an invasion of their privacy.

61. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

62. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent him and the Class.

63. CTU has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

64. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

65. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

66. Common questions will predominate, and there will be no unusual manageability issues.

## CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Class)

67. Mr. Binetti incorporates the foregoing allegations as if set forth herein.

68. CTU violated 47 U.S.C. § 227(c) by making telephone solicitations to Plaintiff's and putative Class Member's telephone numbers as described above.

69. CTU made telephone solicitations to Mr. Binetti's and putative Class Members' telephone numbers.

70. Mr. Binetti and putative Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

71. Mr. Binetti and putative Class Members each received two or more such calls in a 12-month period.

72. Mr. Binetti and putative Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

73. Mr. Binetti and putative Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

B. An order declaring that CTU's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting CTU from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and

F. Such other and further relief that the Court deems reasonable and just.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: June 18, 2025

*/s/ Kenneth P. Dobson*
Kenneth P. Dobson, OSB No. 002435
Dobson Law Office, LLC
324 S. Abernethy Street
Portland, OR 97239
(971) 717-6582
kdobson@pdxlandlaw.com

*Local Counsel for Plaintiff and the proposed class*

/s/ Max Morgan
Max S. Morgan, Esq.
(Pro Hac Vice forthcoming)
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Counsel for Plaintiff and the putative class